**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4208**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellant,

      v.

TAUREAN RAHSAAN DAVIS,

                Defendant - Appellee.

———————————

**No. 15-4237**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

TAUREAN RAHSAAN DAVIS,

                Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:14-cr-00107-BR-1)

———————————

Submitted:  January 29, 2016      Decided:  February 4, 2016

Amended: February 4, 2016

———————————

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

No. 15-4208 vacated and remanded; No. 15-4237 dismissed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Chief Appellate Attorney, Jennifer Dominguez, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Erin C. Blondel, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taurean Rashaan Davis pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Davis to 51 months of imprisonment. The Government appealed from the judgment and Davis filed a cross-appeal of the sentence, challenging the application of an enhancement under the Sentencing Guidelines for possession of the firearm in connection with another felony offense. For the reasons that follow, we vacate and remand for resentencing.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and alteration omitted).

Under the Sentencing Guidelines, the base offense level applicable to a violation of § 922(g) is 20 if the defendant has previously sustained a prior conviction for a felony controlled

3

substance offense. U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2012). The Guidelines define a felony controlled substance offense in part as an offense punishable by imprisonment for a term exceeding one year that prohibits the possession of a controlled substance with intent to distribute. See USSG §§ 2K2.1 cmt. n.1, 4B1.2(b). In calculating the advisory Guidelines range, the district court determined that Davis' 2012 North Carolina conviction for possession with intent to deliver marijuana was not a felony controlled substance offense, and declined to apply a base offense level of 20. On appeal, the Government argues this conclusion was error.

Under North Carolina law, the presumptive range of imprisonment for Davis' prior offense was 6 to 17 months of imprisonment, and he was sentenced to that range. Under North Carolina's Justice Reinvestment Act of 2011, however, Davis was required to be released onto post-release supervision 9 months before the expiration of the 17-month maximum sentence. The district court determined that because Davis had to be released after serving only eight months of incarceration, that offense was not punishable by a term exceeding one year of imprisonment.

In United States v. Barlow, No. 15-4114, 2015 WL 9269972 (4th Cir. Dec. 21, 2015), we reached a different conclusion. In Barlow, we held that the term of post-release supervision is part of the term of imprisonment. Id. at *2-*5. Therefore, we

4

conclude that based on our decision in Barlow, the district court erred in determining that Davis' prior conviction was not a felony controlled substance offense.

Accordingly, on the Government's appeal, we vacate the sentence and remand for resentencing. As the district court will have to calculate the Guidelines range in accordance with our decision, we decline to consider the argument raised in Davis' cross-appeal challenging a different Guidelines calculation at this time. We therefore dismiss Davis' cross-appeal without prejudice to his raising that issue should the district court apply the challenged enhancement upon resentencing.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

No. 15-4208 VACATED AND REMANDED
No. 15-4237 DISMISSED

---

[*] As we decline to consider this issue, we express no opinion regarding the propriety of application of the Guidelines enhancement.