**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4643**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEY DWAYNE JUSTUS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:15-cr-00079-JAB-1)

Submitted: May 18, 2016                    Decided: May 20, 2016

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joey Dwayne Justus pled guilty, pursuant to a written plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Justus to 57 months' imprisonment, the bottom of the 57- to 71-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Justus had a qualifying prior felony conviction for purposes of § 922(g)(1).* Justus was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

A defendant is guilty of violating § 922(g)(1) if he possesses a firearm or ammunition after having "been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." Justus has a prior North Carolina felony conviction for attempted breaking or entering for which he received a 4- to 14-month sentence. Counsel for Justus argues that, because the North Carolina Justice Reinvestment Act of 2011 required that nine months of that sentence be served on

---

* Justus preserved this issue for appeal in his conditional guilty plea.

postrelease supervision, the state conviction was not punishable by a term exceeding a year in prison. As counsel for Justus concedes, this argument is foreclosed by our recent decision in United States v. Barlow, 811 F.3d 133, 140 (4th Cir. 2015), petition for cert. filed, No. 15-8925 (U.S. Apr. 8, 2016).

Accordingly, we affirm the judgment of the district court. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Justus, in writing, of the right to petition the Supreme Court of the United States for further review. If Justus requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Justus.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED