**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4559**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

DANA SANDER,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:03-cr-00142-CCE-2)

─────────────

Submitted:  May 26, 2016                    Decided:  May 31, 2016

─────────────

Before TRAXLER, Chief Judge, and NIEMEYER and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Sander appeals from her 15-month sentence imposed upon revocation of her supervised release. Sander's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues, but noting that Sander objected below to the classification of one of her supervised release violations, possession of cocaine, as a Grade B violation. The Government declined to file a brief. Sander did not file a pro se supplemental brief. Finding no error, we affirm.

Sander originally received a 210-month sentence with a 5-year term of supervised release. After a series of reductions, Sander's sentence became 124 months. The United States Probation Office filed a petition for revocation of Sander's supervised release on July 13, 2015. At the revocation hearing, Sander admitted the violations alleged in the petition, but argued that the possession of cocaine violation should be classified as a Grade C violation instead of a Grade B violation because the alleged offense was not a felony. Sander contended that, because the Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192 (JRA), on the North Carolina Structured Sentencing Act, would require her placement on supervision for the applicable offense before she had been imprisoned for one year, the offense was not a felony. Since Sander's revocation

hearing, we have decided a case that definitively rejects her argument. See United States v. Barlow, 811 F.3d 133, 140 (4th Cir. 2015) ("state law renders post-release supervision part of the term of imprisonment" so that "in every case, North Carolina law now exposes felons to terms of imprisonment exceeding one year"), petition for cert. filed, No. 15-8925 (U.S. Apr. 8, 2016).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sander's revocation of supervised release and sentence. This court requires that counsel inform Sander, in writing, of the right to petition the Supreme Court of the United States for further review. If Sander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sander.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED