**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4334**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RANDY ERIC SHOFFNER, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00450-CCE-1)

Submitted: June 1, 2016          Decided: June 15, 2016

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Eric Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Eric Shoffner, Jr., pled guilty, pursuant to a conditional plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 22 months' imprisonment. Shoffner's plea agreement specifically permitted him to appeal the district court's order denying Shoffner's motion to dismiss the charge on the argument that his prior North Carolina conviction was not a felony under federal law. Shoffner appeals that issue, and we affirm.

Our recent decision in United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), resolves Shoffner's claim. In Barlow, we addressed the impact of the Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192 (JRA), on the North Carolina Structured Sentencing Act. "[T]he Structured Sentencing Act and its statutory tables determine if a crime is punishable by a term of imprisonment of more than one year." Id. at 137; see United States v. Simmons, 649 F.3d 237, 240, 249-50 (4th Cir. 2011) (en banc). The JRA "mandates terms of post-release supervision for all convicted felons except those serving sentences of life without parole." Barlow, 811 F.3d at 137. Shoffner contends that because the JRA required his placement on supervision before he had been imprisoned for one year, he had not been convicted of "a crime punishable by imprisonment for a term exceeding one year," as required for conviction under § 922(g).

2

In Barlow, we held that in determining whether a prior term of imprisonment qualifies as a felony, Simmons requires us to "ask only what term of imprisonment the defendant was exposed to for his conviction, not the most likely duration of his imprisonment." Id. at 140. We held that under state law, the term of post-release supervision is part of the term of imprisonment. Id.

Shoffner was sentenced to four to fourteen months' imprisonment for his North Carolina conviction. Under Barlow, the district court properly treated this conviction as a felony. Therefore, we affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED