**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4629**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

DEANTE LAMONT BANKS,

> Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00023-CCE-1)

Submitted: May 24, 2016                    Decided: June 16, 2016

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deante Lamont Banks appeals his conviction following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Two prior North Carolina convictions served as predicate felonies for purposes of § 922(g)(1): possession of cocaine, for which the state court sentenced Banks to 6 to 17 months of imprisonment, and possession of a schedule II controlled substance, for which the state court sentenced him to 5 to 15 months of imprisonment. On appeal, Banks asserts that the offenses were not felonies because neither exposed him to an active prison term of more than 12 months. We affirm.

In United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), we addressed the impact of the Justice Reinvestment Act of 2011 ("JRA"), 2011 N.C. Sess. Laws 192, on the North Carolina Structured Sentencing Act. "[T]he Structured Sentencing Act and its statutory tables determine if a crime is punishable by a term of imprisonment of more than one year." Id. at 137; see United States v. Simmons, 649 F.3d 237, 240, 249-50 (4th Cir. 2011) (en banc). "[T]he [JRA] mandates terms of post-release supervision for all convicted felons except those serving sentences of life without parole." Barlow, 811 F.3d at 137. In Banks' case, the JRA required him to serve 9 months of his 6-to-17-month and 5-to-15-month sentences on postrelease supervision.

2

We reiterated in Barlow that, in determining whether a prior term of imprisonment qualifies as a felony, Simmons requires us to "ask only what term of imprisonment the defendant was exposed to for his conviction, not the most likely duration of his imprisonment." Id. at 140. We held that "state law renders post-release supervision part of the term of imprisonment," id., such that "all North Carolina felonies now qualify as federal predicate felonies," id. at 137.

Thus, as Banks acknowledges, our decision in Barlow forecloses his appeal. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED