**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4774**

---

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

COREY RONSHION THOMAS,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:15-cr-00069-RJC-1)

---

Submitted:  June 23, 2016              Decided:  June 28, 2016

---

Before MOTZ, KING, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ross Hall Richardson, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Ronshion Thomas pled guilty without a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Thomas' prior North Carolina controlled substance conviction was punishable for a term exceeding one year, as necessary to justify the enhanced base offense level assigned to Thomas at sentencing. Although advised of his right to do so, Thomas has not filed a pro se supplemental brief. The Government declined to file a response brief. Finding no error, we affirm.

A review of the district court record confirms that Thomas has a prior North Carolina conviction for felony possession with intent to sell and deliver marijuana, for which he received a suspended sentence of 6 to 17 months in prison. Counsel suggests that, because the North Carolina Justice Reinvestment Act of 2011 required the last 9 months of this sentence to be served on post-release supervision, the state conviction was not punishable by a "term exceeding one year[,]" as required by U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4), 4B1.2(a) (2014). Counsel appropriately concedes, however, that this argument is foreclosed by our recent decision in United States v. Barlow,

2

811 F.3d 133, 140 (4th Cir. 2015) (recognizing that "the North Carolina legislature clearly intended to include post-release supervision as part of a felon's term of imprisonment[,]" which requires this court to "ask only what term of imprisonment the defendant was exposed to for his conviction, not the most likely duration of his imprisonment"), cert. denied, ___ S. Ct. ___, 2016 WL 1465057 (U.S. May 16, 2016).

In accordance with Anders, we have reviewed the record in its entirety and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED