**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4416**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TONEY LEE WILSON, JR.,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00482-WO-1)

_____

Submitted:  July 1, 2016                    Decided:  July 29, 2016

_____

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Toney Wilson, Jr. pleaded guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Based on Wilson's prior state felony convictions, the district court imposed an enhanced sentence of 180 months' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"). On appeal, Wilson argues that his prior North Carolina convictions for breaking and entering do not qualify as predicate felonies under ACCA. Pursuant to this court's opinion in United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), cert. denied, 136 S. Ct. 2041 (2016), we conclude that Wilson's breaking and entering convictions under North Carolina law constitute predicate felonies under ACCA. We therefore affirm Wilson's sentence.

I.

After Wilson pleaded guilty to possession of a firearm by a convicted felon, the district court applied the ACCA sentencing enhancement based on Wilson's prior convictions under North Carolina law. Those convictions were the following: (1) a May 2009 conviction for felony robbery with a dangerous weapon; (2) an October 2009 conviction for felony assault with a deadly weapon with intent to kill, inflicting serious bodily injury;

and (3) four August 2014 convictions for breaking and entering in violation of N.C. Gen. Stat. § 14-54(a).

At sentencing before the district court, Wilson objected to his convictions for breaking and entering serving as ACCA predicates. The district court overruled Wilson's objections and sentenced him to 180 months' imprisonment. This appeal timely followed.

## II.

### A.

This court reviews de novo issues of statutory interpretation. United States v. Joshua, 607 F.3d 379, 382 (4th Cir. 2010). This includes issues involving whether a prior state conviction qualifies as a predicate felony under federal criminal law. See United States v. Kerr, 737 F.3d 33, 35 (4th Cir. 2013).

### B.

When he filed his appeal, Wilson argued that he should not have been classified as an armed career criminal, reasoning that none of his four convictions for breaking and entering were punishable by imprisonment exceeding one year, as is required under ACCA. See Appellant's Br. at 7. However, as Wilson now

acknowledges, this argument is foreclosed by our decision in Barlow.*

In Barlow, we held that, as a function of state law, all North Carolina felonies qualify as predicate felonies for the purposes of ACCA. 811 F.3d at 137. North Carolina's Justice Reinvestment Act of 2011 mandates terms of post-release supervision of at least nine months for all convicted felons, except those serving sentences of life without parole. N.C. Gen. Stat. § 15A-1368.2(a); see 811 F.3d at 137. State law regards the mandatory post-release supervision as part of a felon's maximum term of imprisonment. Id. at 140. Therefore, North Carolina law now exposes all felons to terms of imprisonment exceeding one year for even the least serious felony, such as breaking and entering. Id. at 138, 140.

Applying Barlow to this case, Wilson's maximum term of imprisonment exceeded twelve months for his breaking and entering convictions. Under North Carolina law, Wilson's breaking and entering violations carry a term of imprisonment of six to eight months, followed by a single nine-month term of post-release supervision, thus yielding a possible term of imprisonment of seventeen months. Here, as in Barlow, the nine

---

* See Appellant's Supp. Br. at 6. Wilson wished to preserve his appeal pending the disposition of the petition for a writ of certiorari to the Supreme Court in Barlow. That petition has now been denied. 136 S. Ct. 2041 (2016).

4

month term of post-release supervision, as a part of a maximum term of imprisonment, qualified Wilson for a sentence enhancement under ACCA. For the foregoing reasons, we affirm the district court's sentence.

III.

We dispense with oral argument because the facts are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED