**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4003**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

NATHANIEL IRVING CORWIN,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00197-WO-1)

Submitted: August 25, 2016   Decided: August 29, 2016

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Irving Corwin appeals his conviction and 114-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Corwin's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in imposing a Sentencing Guidelines enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2014). Corwin has filed a pro se supplemental brief, echoing counsel's argument regarding the USSG § 2K2.1(a)(2) enhancement and also challenging his Guidelines enhancement under USSG § 2K2.1(b)(6)(B). The Government has declined to file a response brief. For the reasons that follow, we affirm.

In considering a sentencing court's Guidelines calculations, we review issues that turn primarily on factual determinations for clear error and issues that turn primarily on legal interpretations of the Guidelines de novo. United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014). We consider unpreserved challenges to Guidelines calculations for plain error. United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (describing standard).

The Guidelines prescribe a base offense level of 24 for a defendant convicted of a § 922(g) offense who "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2); see USSG 2K2.1 cmt. n.1 (defining "controlled substance offense" by reference to USSG § 4B1.2). Among other requirements, a controlled substance offense must be "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(b); see USSG § 2K2.1 cmt. n.1 (defining "felony conviction"). Corwin and his counsel assert that Corwin's prior North Carolina conviction for possession with intent to sell or deliver marijuana does not qualify as a felony offense under United States v. Simmons, 649 F.3d 237, 248-50 (4th Cir. 2011) (en banc), as his maximum presumptive term of 17 months' imprisonment included a mandatory 9-month period of post release supervision. However, as counsel concedes, this argument is squarely foreclosed by our recent decision in United States v. Barlow, 811 F.3d 133, 140 (4th Cir. 2015), cert. denied, 136 S. Ct. 2041 (2016). Because Corwin's state conviction was punishable by imprisonment for a term exceeding one year, it was properly classified as a felony under USSG § 2K2.1 and used as a predicate to enhance Corwin's base offense level.

Corwin also contends that the court erred in imposing an enhancement under USSG § 2K2.1(b)(6)(B), based on its finding that he possessed a firearm in connection with the felony offense of possession with intent to sell or deliver heroin. Under the Guidelines, the requirement that the firearm be possessed "in connection with" a felony drug offense is satisfied "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," as the firearm necessarily "has the potential of facilitating another felony offense." USSG § 2K2.1 cmt. n.14(B); see United States v. Jenkins, 566 F.3d 160, 163 (4th Cir. 2009). The "in connection with" requirement is satisfied when "the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." United States v. McKenzie-Gude, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted).

Here, the record reveals that Corwin voluntarily stipulated to this enhancement as part of his plea agreement. Although his stipulation was not binding on the district court, see Fed. R. Crim. P. 11(c)(1)(B), we find no error, plain or otherwise, in the court's application of the enhancement, in light of the proximity of Corwin's three firearms to heroin and drug

4

paraphernalia and of evidence indicating the firearms' protective purpose.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Corwin, in writing, of the right to petition the Supreme Court of the United States for further review. If Corwin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Corwin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>