<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4332**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LERICO CLAYVON YATES,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00451-CCE-1)

Submitted: August 22, 2016          Decided: September 2, 2016

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Lerico Clayvon Yates on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2012). Yates entered a conditional guilty plea, preserving the right to assert on appeal that he did not have a prior felony conviction to support his felon-in-possession conviction because his previous North Carolina conviction for attempted common law robbery was not punishable by a sentence exceeding one year.

In his opening brief on appeal, Yates argued that his North Carolina attempted common law robbery conviction was not punishable by a sentence of imprisonment exceeding one year because the North Carolina Justice Reinvestment Act of 2011 required that 9 months of his 10- to 21-month sentence be served on post-release supervision. As Yates now concedes, his argument is foreclosed by our recent decision in United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), cert. denied, 136 S. Ct. 2014 (2016), which issued while Yates' appeal was pending.

Yates filed a supplemental brief challenging his sentence, arguing for the first time that North Carolina attempted common law robbery is not a "crime of violence" for purposes of U.S. Sentencing Guidelines Manual § 2K2.1 (2014). By failing to raise this issue in his initial brief, Yates has waived appellate review of this claim. United States v. Bartko, 728

F.3d 327, 335 (4th Cir. 2013); Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED