**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4522**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellant,

     v.

RICARDO TYRONE WILLIAMS, JR.,

                Defendant - Appellee.

_____

**No. 15-4523**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellant,

     v.

QUINCY JAMEL HARGETT,

                Defendant - Appellee.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:15-cr-00023-BO-1; 4:15-cr-00023-BO-2)

_____

Submitted: October 18, 2016      Decided: November 3, 2016

_____

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellant. Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Chief Appellate Attorney, Raleigh, North Carolina; Geoffrey Ryan Willis, WILLIS JOHNSON & NELSON, PLLC, Raleigh, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Ricardo Tyrone Williams, Jr. and Quincy Jamel Hargett each for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Williams and Hargett moved to dismiss the indictment, arguing that their prior convictions did not qualify as felonies because they were not punishable by a term exceeding one year. The district court granted the motions and dismissed the indictment. The Government appealed, and we previously granted the Government's motion to place these appeals in abeyance for our decision in United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), cert. denied, 136 S. Ct. 2041 (2016). When Barlow issued, the Government moved for summary reversal. We deferred ruling on that motion, and again placed the appeals in abeyance for disposition of the petition for certiorari in Barlow. When that petition was denied, the parties fully briefed the issues. For the reasons that follow, we vacate and remand.

We review a district court's order dismissing an indictment de novo. United States v. Good, 326 F.3d 589, 591 (4th Cir. 2003). Under North Carolina law, the presumptive range of imprisonment for Hargett's prior offense of possession of a stolen firearm was 6 to 17 months of imprisonment, and he was sentenced to that range. Williams was also sentenced to the presumptive range of 8 to 19 months of imprisonment for his

3

prior conviction for possession with intent to sell marijuana. Under North Carolina's Justice Reinvestment Act of 2011, however, both Hargett and Williams were required to be released onto post-release supervision nine months before the expiration of the their maximum sentences. The district court determined that because Hargett and Williams had to be released prior to serving 12 months of incarceration, those offenses were not punishable by terms exceeding 1 year of imprisonment.

In Barlow, however, we held that the term of post-release supervision is part of the term of imprisonment. 811 F.3d at 137-40. Therefore, we conclude that based on our decision in Barlow, the district court erred in determining that Hargett and Williams' prior convictions were not predicate offenses for purposes of § 922(g)(1).

Accordingly, we grant the Government's motion for summary reversal, vacate the district court's orders, and remand with instructions to reinstate the indictment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

VACATED AND REMANDED

4