**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4522**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS ROJAS-QUINTANA, a/k/a Moises Acosta, a/k/a Moises Cano-Acosta, a/k/a Cruz Ramirez-Acosta,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:17-cr-00020-BO-1)

Submitted: March 20, 2018                    Decided: March 28, 2018

Before GREGORY, Chief Judge, and NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Rojas-Quintana appeals the 18-month sentence imposed following his guilty plea to illegal reentry into the United States after deportation following an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Arguing that the district court improperly treated his 2014 North Carolina drug conviction as a felony for which he was sentenced to a term of imprisonment exceeding one year and one month, Rojas-Quintana contends that the district court procedurally erred by incorrectly calculating his criminal history points and his total offense level under the Sentencing Guidelines. We affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and, if there was an abuse of discretion, we will reverse unless the error was harmless, *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49. In evaluating the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014).

A review of the district court record confirms that Rojas-Quintana has a prior North Carolina conviction for possession with intent to sell or deliver cocaine for which he received a sentence of 10 to 21 months' imprisonment. Rojas-Quintana argues that, because North Carolina's Justice Reinvestment Act of 2011, N.C. Gen. Stat. §§ 15A-1368 to 15A-1368.6 (2017), required the last nine months of this sentence to be served in post-release supervision, the sentence imposed did not exceed one year and one month as

required for application of U.S. Sentencing Guidelines Manual §§ 4A1.1(a), 2L1.2(b)(2)(C) (2016).

In determining a defendant's criminal history category, the sentencing court must "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." USSG § 4A1.2(b)(1). In the case of an indeterminate sentence set forth in a range of months, the length of a sentence of imprisonment is the stated maximum number of months in that given range. *See* USSG § 4A1.2 cmt. n.2.

In determining a defendant's total offense level, the Guidelines provide that "[i]f, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed exceeded one year and one month," the district court must "increase [the base offense level] by 6 levels." USSG § 2L1.2(b)(2)(C). "'Sentence imposed' has the meaning given the term 'sentence of imprisonment'" as set forth in USSG § 4A1.2. USSG § 2L1.2 cmt. n.2.

In *United States v. Barlow*, 811 F.3d 133 (4th Cir. 2015), we considered the effect of North Carolina's Justice Reinvestment Act and held that the term of post-release supervision is part of the term of imprisonment. *Id.* at 138-40. Based on our decision in *Barlow*, we find that the 21-month sentence imposed for Rojas-Quintana's 2014 state drug offense exceeded one year and one month and, therefore, the district court properly assessed three criminal history points for the prior conviction and properly applied the

six-level enhancement under USSG § 2L1.2(b)(2)(C) to Rojas-Quintana's base offense level.  Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*