**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4315**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO MACEDA-TEQUEXTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:17-cr-00071-H-1)

Submitted: November 19, 2018                                Decided: November 21, 2018

Before KING and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Maceda-Tequextle pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Maceda-Tequextle to 15 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

On appeal, Maceda-Tequextle argues that the district court erred in applying an enhancement in offense level based on Maceda-Tequextle's North Carolina conviction for possession with intent to sell or deliver cocaine, which he incurred prior to his first removal from the United States. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir. 2016). In reviewing the district court's calculations under the Guidelines, "we review factual findings for clear error and legal conclusions de novo." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018), *cert. denied*, No. 18-5225, 2018 WL 3417529 (U.S. Oct. 1, 2018). We will find clear error only if, we are "left with the definite and firm conviction that a mistake has been committed." *Id.* at 631 (internal quotation marks omitted).

Under the Sentencing Guidelines, in calculating the offense level for an illegal reentry conviction, the court shall apply a six-level increase in offense level if, before the defendant was ordered removed from the United States for the first time, he sustained a felony offense "for which the sentence imposed exceeded one year and one month." U.S. Sentencing Guidelines Manual § 2L1.2(b)(2)(C) (2016). The term "sentence imposed" in § 2L2.1(b) has the same meaning as "sentence of imprisonment" in USSG § 4A1.2(b) & cmt. n.2, and the length of the sentence includes any term given upon revocation of

probation, parole, or supervised release. USSG § 2L1.2 cmt. n.2. In USSG § 4A1.2(b), a "sentence of imprisonment" is defined as the maximum sentence imposed, excluding any portion of the sentence that was suspended. The application notes to that section specifically provide that "criminal history points are based on the sentence pronounced, not the length of time actually served." USSG § 4A1.2 cmt. n.2.

Here, Maceda-Tequextle was sentenced to 8 to 19 months of imprisonment for his North Carolina offense, incurred prior to his first removal from this country. Under North Carolina's Justice Reinvestment Act of 2011, however, the last nine months of that sentence is served in post-release supervision. *See United States v. Barlow*, 811 F.3d 133, 136-37 (4th Cir. 2015). Maceda-Tequextle argues that the period of post-release supervision is equivalent to a suspended sentence or an unrevoked term of probation, parole, or supervised release and therefore may not be included in the maximum term of imprisonment imposed. Maceda-Tequextle's argument, however, is foreclosed by *Barlow*, in which we held that "state law renders post-release supervision part of the term of imprisonment." 811 F.3d at 140. The fact that *Barlow* dealt with the question of whether an offense was punishable by a term of imprisonment exceeding one year and, here, the question is whether the sentence imposed exceeded 13 months is of no moment. Simply put, under *Barlow*, the period of post-release supervision is part of the term of imprisonment. Therefore it is not, as Maceda-Tequextle contends, the equivalent of a term of supervised release or a suspended sentence. The district court thus properly applied the enhancement in offense level based on Maceda-Tequextle's prior North Carolina conviction.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*