**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4477**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JAMES DOMINIQUE POSEY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00466-WO-1)

———————

Submitted: March 22, 2016          Decided: April 11, 2016

———————

Before MOTZ and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Dominique Posey appeals the 108-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). We conclude that none of the issues raised on appeal has merit, and we affirm.

I

Posey premises his first two claims on his theory that two prior state convictions that factored into the calculation of his Guidelines range were erroneously treated as felonies. First, he argues that the district court improperly assigned him base offense level 24 because he had two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2014). Specifically, Posey contends that the district court improperly included as one of the two felonies his 2012 North Carolina state conviction of possession with intent to sell and deliver marijuana. If Posey is correct, his base offense level would be 20. See USSG § 2K2.1(a)(4)(A).

In a related claim, Posey contends that he was incorrectly assessed three criminal history points for both the 2012 marijuana conviction and a 2012 state conviction for felony possession of cocaine. See USSG §§ 4A1.1(a) (assigning three criminal history points "for each prior sentence of imprisonment

2

exceeding one year and one month"). Under Posey's theory, he should have received only two points for each of these convictions. See USSG § 4A1.1(b) (assigning two points "for each prior sentence of imprisonment of at least sixty days not counted in [§ 4A1.1](a)").

To resolve these claims, we turn to our recent decision in United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), in which we addressed the impact of the Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192 (JRA), on the North Carolina Structured Sentencing Act. "[T]he Structured Sentencing Act and its statutory tables determine if a crime is punishable by a term of imprisonment of more than one year." Id. at 137; see United States v. Simmons, 649 F.3d 237, 240, 249-50 (4th Cir 2011) (en banc). The JRA "mandates terms of post-release supervision for all convicted felons except those serving sentences of life without parole." Barlow, 811 F.3d at 137. Posey contends that because the JRA required his placement on supervision for both the cocaine and marijuana offenses before he had been imprisoned for one year, neither offense was a felony. Thus, his proper base offense level was 20, and he should have received only two criminal history points for each of these offenses.

We reiterated in Barlow that, in determining whether a prior term of imprisonment qualifies as a felony, Simmons requires us to "ask only what term of imprisonment the defendant

was exposed to for his conviction, not the most likely duration of his imprisonment." Id. at 140. We held that "state law renders post-release supervision part of the term of imprisonment [and that] each of Barlow's convictions, for which he faced a nineteen-month term of imprisonment, qualified as a felony conviction." Id.

Posey was sentenced to 8-19 months for the marijuana conviction and to 6-17 months for the cocaine conviction. Under Barlow, these were both felony convictions. Thus, we hold that the district court correctly assigned three criminal history points for each conviction and properly determined that Posey's base offense level was 24.

II

Because Posey used the firearm to facilitate the separate crime of felony promotion of prostitution, his offense level was increased under USSG § 2K2.1(b)(6)(B), which provides for a four-level enhancement if the defendant "used or possessed any firearm . . . in connection with another felony offense." The enhancement is designed "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted). Posey asserts that the enhancement was not warranted.

4

A firearm is possessed "in connection with" another offense "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); see United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). "[T]he firearm must have some purpose or effect with respect to the crime; its presence or involvement cannot be the result of accident or coincidence." United States v. Hampton, 628 F.3d 654, 663 (4th Cir. 2010) (alteration and internal quotation marks omitted).

Here, officers discovered Posey in a car parked just outside a hotel room whose occupant had reported a disturbance. Officers observed Posey retrieve something from under the driver's seat and then heard a metallic sound on the pavement, where Posey had bent over. Officers discovered a loaded handgun under the driver's side of the vehicle. Posey's girlfriend told police that Posey had taken her to the hotel to engage in prostitution with the occupant of the room. Posey admitted to officers following his arrest that he had gone to get the gun after he left the woman in the hotel room with the customer. We hold that the district court did not err in finding that the firearm facilitated, or had the potential to facilitate, the offense of promoting prostitution. The firearm would have encouraged the payment of money owed and provided protection to Posey.

## III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED