**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4691**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JASON BATTS,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
District Judge.  (7:14-cr-00049-FL-1)

—————————

Submitted:  September 12, 2016      Decided:  September 16, 2016

—————————

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC,
New Bern, North Carolina, for Appellant.  John S. Bruce, Acting
United States Attorney, Jennifer P. May-Parker, Kristine L.
Fritz, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Batts pled guilty to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was convicted by a jury of possession with intent to distribute a quantity of cocaine base (crack), 21 U.S.C. § 841(a)(1) (2012). He was sentenced to 169 months in prison for the drug offense and 120 months, concurrent, for the firearm offense. Batts now appeals, raising several issues. We affirm.

I

Batts contends that the district court improperly denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. We review de novo a district court's denial of a Rule 29 motion. United States v. Reed, 780 F.3d 260, 269 (4th Cir.), cert. denied, 136 S. Ct. 167 (2015). "Applying that standard, . . . the verdict . . . must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Id. (internal quotation marks omitted).

To establish a violation of § 841(a)(1), the Government had to prove beyond a reasonable doubt that Batts "possessed cocaine base, that he did so knowingly, and [that he had] an intent to distribute." See United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir. 2011). Having reviewed the trial record, we conclude that there was sufficient evidence upon which a jury could have convicted Batts.

2

Officers responding to a "shots fired" call were directed by an eyewitness to an apartment, where they found Batts lying prone on a bed in the first floor master bedroom. Batts told Detective Simpson that there was "some marijuana" in the residence. In the bedroom where Batts was located, officers found men's shoes and clothing. On the top shelf of the bedroom closet officers saw a pistol atop a locked safe. The key to the safe was taped to the closet's frame. When they opened the safe, officers found another handgun, marijuana, jewelers bags, a large amount of crack cocaine, and smaller amounts of crack packaged in jewelers bags. The large amount of crack weighed 8.21 grams; the four smaller bags together weighed 3.6 grams.

During an interview at the police station, Batts admitted that he had been staying at the apartment. He was familiar with the contents of the safe and said he was not sure how much crack was in the safe. Batts said that a keyring inside the safe held a second key to the safe as well as a key to his vehicle. He denied using crack cocaine, admitted that he had purchased all "the guns the way they were," and said that activity in the area was "messing up his money." Both Detective Simpson and Officer Lovell testified that 8.21 grams of crack constitutes a distribution quantity.

Given this evidence, we conclude that the evidence was sufficient to support the jury's finding that Batts knowingly possessed the crack and that it was intended for distribution.

II

Both Officer Lovell and Detective Simpson testified that 8.21 grams of crack was a distribution amount. The district court overruled Batts' objections to this testimony. He now contends that the court's rulings were erroneous. We review a district court's evidentiary rulings for abuse of discretion. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010).

The district court did not abuse its discretion in admitting the testimony in question. Both officers had multiple years of experience investigating narcotics crimes. It was permissible for them to testify based on their experience that the crack in question was a distribution quantity. Further, even if the testimony effectively was expert testimony, it was not excludable because neither Officer Lovell nor Detective Simpson expressed an opinion about whether Batts intended to distribute the crack. See Fed. R. Evid. 704(b).

III

Batts claims that the district court erred when it refused his request that the jury be instructed on the lesser-included offense of possession of crack. We review an alleged instructional error for abuse of discretion. United States v.

4

Lespier, 725 F.3d 437, 449 (4th Cir. 2013). Because evidence of the element (intent to distribute) that differentiates the offense of conviction from the lesser-included offense was not sharply conflicting, we find no abuse of discretion in the court's ruling. See United States v. Wright, 131 F.3d 1111, 1116 (4th Cir. 1997).

IV

Batts raises a number of issues related to the calculation of his Guidelines range. In assessing a district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012).

Batts contends that the following enhancements were erroneous: a two-level enhancement based on the number of firearms (four) recovered, see U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2015); a four-level increase based on an obliterated serial number on one of the handguns, see USSG § 2K2.1(b)(4)(B); and a four-level enhancement based on Batts' possession of the firearms in connection with another felony offense, see USSG § 2K2.1(b)(6)(B).

The presence of guns and drugs in close proximity suggests that Batts possessed the guns in connection with a felony drug offense. Further, four guns were located in the room with Batts, and two of those were either in or atop the safe

5

containing the drugs. Additionally, there is no dispute that one of the handguns had an obliterated serial number. We conclude that the district court did not commit clear error with respect to any of the enhancements.

V

Because Batts possessed the firearm after sustaining one conviction of a felony controlled substance offense, the district court at sentencing assigned him base offense level 20. Batts unsuccessfully claimed below that the pertinent North Carolina state conviction, for which he received a sentence of 9-20 months, was not a felony and that his base offense level should have been 14. He concedes on appeal that United States v. Barlow, 811 F.3d 133 (4th Cir. 2015), cert. denied, 136 S. Ct. 2041 (2016), decided after Batts' sentencing, renders this argument meritless. We agree. See United States v. Posey, 644 F. App'x 253 (4th Cir. 2016).

VI

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6