# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-4561

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

KORTNE SHAPIRO TALIAFE MELVIN, a/k/a Kortne Shapiro Ailif Melvin, a/k/a Kortne Shapiro Talif Melvin,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:16-cr-00063-F-1)

Submitted:  April 24, 2017                          Decided:  May 1, 2017

Before TRAXLER, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jaclyn L. DiLauro, Marshall H. Ellis, Assistant Federal Public Defenders, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kortne Shapiro Taliafe Melvin appeals his sentence imposed by the district court for his guilty plea to possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court determined his United States Sentencing Guidelines ("Guidelines") range was 46 to 57 months and sentenced him to 50 months. On appeal, he contends that his sentence is procedurally and substantively unreasonable. We affirm.

When reviewing a sentence, we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's factual findings for clear error and legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). If there is no procedural error, we consider the substantive reasonableness of the sentence under a "deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 51–52. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012). A defendant can only rebut the presumption by showing that it is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

During sentencing, the district court must first correctly calculate the defendant's Guidelines range. *United States v. Allmendinger*, 706 F.3d 330, 340 (4th Cir. 2013). The district court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light

2

of the § 3553(a) factors. *Id.* The district court "must make an *individualized* assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (internal quotation marks and citations omitted).

A "district court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Id.* (internal quotation marks and citation omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." *Id.* (internal quotation marks and citation omitted). "Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks and citations omitted). "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy." *Id.* (internal quotation marks and citations omitted).

Where, as here, the defendant properly preserved the issue of whether the explanation was adequate, we review the issue for abuse of discretion. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). If we find such abuse, we must reverse unless we conclude that the error was harmless. *Id.* In such a case, the Government bears the burden of showing that the error did not have a substantial and injurious effect or

3

influence on the result, and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed. *United States v. Boulware*, 604 F.3d 832, 838–40 (4th Cir. 2010).

Melvin first contends that the district court erred by applying *United States v. Barlow*, 811 F.3d 133 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 2041 (2016), to calculate his Guidelines range. We conclude that this argument is without merit, and the district court properly calculated his Guidelines range. Melvin additionally argues his sentence is procedurally unreasonable because the district court failed to adequately explain the sentence by making an individualized assessment and addressing his argument for a sentence below the Guidelines range. We have reviewed the record and conclude that the district court's explanation was sufficiently individualized and adequate in this case. Even assuming that the explanation was insufficient, we conclude that any error was harmless. Finally, Melvin argues his sentence is substantively unreasonable. However, we conclude that he fails to rebut the presumption that his sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4