**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-4613**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

DERRICK PITTMAN,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:15-cr-00068-F-2)

---

Submitted: August 31, 2017                         Decided: April 3, 2018

---

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jenna Turner Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Pittman pled guilty to conspiring to possess with intent to distribute 500 grams or more of cocaine and carrying and using a firearm during and in relation to a drug trafficking crime. The district court sentenced Pittman to a below-Sentencing Guidelines range of 197 months of imprisonment. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising for the court's consideration whether Pittman had the requisite predicate felonies to receive the career offender enhancement. Pittman did not file a pro se supplemental brief and the Government did not file a brief.[1] After a careful review of the record, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The court first determines whether the district court committed significant procedural error, such as incorrect calculation of the Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) sentencing factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

In evaluating the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v.*

---

[1] The Government also did not move to dismiss this untimely appeal. In accordance with our opinion in *United States v. Oliver*, 878 F.3d 120 (4th Cir. 2017), we address the merits of Pittman's *Anders* appeal and are bound to complete a full review of the record on appeal for meritorious issues.

*White*, 771 F.3d 225, 235 (4th Cir. 2014). In her *Anders* brief, counsel concedes that Pittman's North Carolina robbery with a dangerous weapon and felony drug offenses are properly classified as predicate convictions under the career offender guideline. In light of recent authority from the Supreme Court and this court, this concession is well taken.

Under the career offender guideline, "crime of violence" is defined as an offense punishable by more than one year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [(the "force clause")], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [(the "enumerated offenses clause")], or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the "residual clause")]." U.S. Sentencing Guidelines Manual § 4B1.2(a) (2015).[2] The commentary to USSG § 4B1.2 enumerates other offenses as crimes of violence, including "robbery." USSG § 4B1.2 cmt. n.1.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court determined that the residual clause of the Armed Career Criminal Act (ACCA), reaching offenses that "involve[] conduct that presents a serious potential risk of physical injury to another," *see* 18 U.S.C. § 924(e)(2)(B)(ii) (2012), is unconstitutionally vague. 135 S. Ct. at 2556-63. In *Beckles v. United States*, 137 S. Ct. 886 (2017), however, the Supreme Court declined to extend the reasoning in *Johnson* to the Guidelines, holding that the

---

[2] Section 4B1.2(a)(2) was amended in August 2016 to remove the residual or "otherwise" clause, as well as to remove burglary and add robbery to the offenses enumerated in the Guideline's text. USSG app. C supp., amend. 798 (2016).

Guidelines are not subject to a due process vagueness challenge and that the residual clause under USSG § 4B1.2(a) is not void for vagueness. 137 S. Ct. at 895. In light of *Beckles*, Pittman cannot raise a vagueness challenge to his predicate crime of violence under *Johnson*.

Any potential challenge Pittman could raise to the classification of his predicate crime of violence also is foreclosed by recent precedent from this Circuit. The district court relied on Pittman's conviction for robbery with a dangerous weapon in applying the career offender guideline. We recently held that the North Carolina offense of robbery with a dangerous weapon categorically qualifies as a "violent felony" under the ACCA's force clause. *See United States v. Burns-Johnson*, 864 F.3d 313, 315, 320 (4th Cir.), *cert denied*, 138 S. Ct. 461 (2017). As this court relies on decisions evaluating whether an offense qualifies as an ACCA violent felony "interchangeably" with decisions evaluating whether an offense qualifies as a Guidelines crime of violence, *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (internal quotation marks omitted), we determine that Pittman's North Carolina conviction for robbery with a dangerous weapon equally qualifies as a crime of violence under the force clause of USSG § 4B1.2(a). In view of this authority, Pittman cannot raise a meritorious challenge to his enhanced base offense level based on his conviction for a crime of violence.

Pittman's North Carolina conviction for felony possession with intent to sell or deliver cocaine also properly qualified as a felony drug offense under the Guidelines. Pittman's sentence for the offense consisted of 10 to 12 months of imprisonment plus a 9-month term of supervised release. Counsel suggested at sentencing that Pittman's prior

4

North Carolina felony conviction was not punishable by a term exceeding one year because the North Carolina Justice Reinvestment Act of 2011 required that nine months of his sentence be spent in post-release supervision. Counsel noted, however, that this court addressed this issue in *United States v. Barlow*, 811 F.3d 133 (4th Cir. 2015). In *Barlow*, we held that the defendant's convictions for speeding to elude arrest and breaking and entering were felony convictions supporting his conviction for being a felon in possession of a firearm. We rejected the defendant's contention that the nine-month supervised release term shortened his term of imprisonment to less than a year, finding that the North Carolina law intentionally includes post-release supervision as part of the term of imprisonment. *Id*. at 138-40. Accordingly, as counsel asserts, Pittman's challenge on this ground is foreclosed. There was no procedural error in the district court's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Pittman's convictions and sentence. This court requires that counsel inform Pittman, in writing, of the right to petition the Supreme Court of the United States for further review. If Pittman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pittman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5