**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4753**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN ANGEL VELASQUEZ-CANALES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00442-D-1)

Argued:  December 9, 2020                                    Decided:  February 9, 2021

Before KEENAN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by published opinion.  Senior Judge Traxler wrote the opinion, in which Judge Keenan and Judge Richardson joined.

**ARGUED:**  Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North

Carolina, for Appellee.

TRAXLER, Senior Circuit Judge:

Juan Angel Velasquez-Canales pled guilty to a charge of illegal reentry after commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2018). The district court sentenced him to 36 months.

Velasquez-Canales appeals, challenging only the application of a six-level enhancement for a prior felony conviction with a sentence exceeding one year and one month under U.S.S.G. § 2L1.2(b)(2)(C). Finding no error, we affirm.

I.

Velasquez-Canales, a citizen and native of Honduras, unlawfully reentered the United States after having been deported. After reentering the United States, Velasquez-Canales was convicted of several offenses, including larceny, public intoxication, driving while intoxicated or impaired, and unauthorized use of a motor vehicle. Of most importance to this appeal, in 2018 Velasquez-Canales was convicted in North Carolina for larceny of a motor vehicle and eluding arrest in a motor vehicle with two aggravating factors, for which Velasquez-Canales was sentenced to 6 to 17 months in prison.

The presentence report (PSR) prepared in this case determined that Velasquez-Canales's advisory guidelines range was 30-37 months. The calculation underlying that determination included a six-level enhancement to the base offense level under U.S.S.G. § 2L1.2(b)(2)(C) for his prior state sentence.

At sentencing, the district court adopted the PSR and its Guidelines calculation. As to Velasquez-Canales' objection to the enhancement based on the 2018 conviction, the district court held:

3

And then it's the objection to the six-level enhancement under [U.S.S.G. § 2L1.2(b)(C)(3)] with an argument that it should be a four-level enhancement. Again, I think both cases cited (referring to this Court's unpublished decisions in *United States v. Maceda-Tequextle*, 742 F. App'x 787 (4th Cir. 2018) (No. 18-4315), and *United States v. Rojas-Quintana*, 716 F. App'x 219 (4th Cir. 2018) (No. 17-4522)) and, actually another case that, I think if we were to reflect on it, it's hard for me to reconcile the defense position ultimately that *U.S. v. Barlow*, 811 F.3d 133[ (4th Cir. 2015)], at pages 136 to 140, that's sort of a functional equivalency theory.

(J.A. 54).

After affording the parties an opportunity to argue for an appropriate sentence—during which time defense counsel asked for a sentence within a 24 to 30-month Guidelines range—and providing Velasquez-Canales an opportunity to allocute, the district court imposed the 36-month sentence. According to the district court, it did not "think a sentence of the 24-to-30 month[s'] advisory guideline range would be sufficient in light of the serious nature of the crime, the significant serious criminal history, and of the need to incapacitate you and to generally deter others." (J.A. 65). Velasquez-Canales timely appealed.

## II.

Sentencing for an illegal reentry conviction is governed by U.S.S.G. § 2L1.2. That guideline provides for a six-level increase to the base offense level if, after the defendant was ordered removed from the United States for the first time, he was convicted of a felony offense "for which the sentence imposed exceeded one year and one month." U.S.S.G. § 2L1.2(b)(3)(C). The term "sentence imposed" in § 2L2.1(b) has the same meaning as "sentence of imprisonment" set out in U.S.S.G. § 4A1.2(b) and its commentary; the length of the "sentence imposed" includes any term given upon revocation of probation, parole,

4

or supervised release. U.S.S.G. § 2L1.2 cmt. n.2. In Section 4A1.2(b), a "sentence of imprisonment" is defined as the "maximum sentence imposed," excluding any portion of the sentence that was suspended. U.S.S.G. § 4A1.2(b). The application notes to that section also specifically provide that "sentence of imprisonment" focuses on "the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 cmt. n.2.

Here, Velasquez-Canales was sentenced to 6-17 months in prison for his 2018 North Carolina offenses. Under North Carolina's Justice Reinvestment Act of 2011, however, the last nine months of that sentence was to be served in post-release supervision. *See United States v. Barlow*, 811 F.3d 133, 137 (4th Cir. 2015).

On appeal, Velasquez-Canales contends the district court erred by applying the enhancement based on the 2018 North Carolina convictions. He argues that those convictions should have yielded only a four-level offense level increase because the nine-month period of post-release supervision for the convictions was not part of his "sentence of imprisonment." Velasquez-Canales argues that under state law, a post-release supervision term is the functional equivalent of a suspended sentence; therefore, it should not be included in the determination of the maximum term of imprisonment imposed. If the district court had sustained this objection, a 4-level enhancement would have been applied pursuant to U.S.S.G. § 2L1.2(b)(3)(D), and Velasquez-Canales would have had a total offense level of 15, rather than 17, resulting in an advisory sentencing range of 24-30 months. U.S.S.G. Ch. 5, pt. A (sentencing table).

Because the challenge in this case is to the application of the Guidelines, we must determine whether the sentence is procedurally reasonable. *United States v. Provance*, 944

5

F.3d. 213, 218 (4th Cir. 2019). "In determining procedural reasonableness, we consider, among other things, whether the [district] court properly determined the Sentencing Guidelines range." *Lynn*, 912 F.3d at 216. In reviewing the district court's calculations under the Guidelines, "we review factual findings for clear error and legal conclusions de novo." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018). The challenge here is that there was an error of law.

As the district court recognized, Velasquez-Canales' argument is foreclosed by our decision in *Barlow*, in which we held that "[North Carolina] law renders post-release supervision part of the term of imprisonment." 811 F.3d at 140. Velasquez-Canales' argument—that *Barlow* dealt with the question of whether an offense was "punishable" by a term of imprisonment exceeding one year and, here, the question is whether the "sentence imposed" exceeded 13 months—is of no consequence. In *Barlow*, Barlow argued that post-release supervision was not a term of imprisonment. *Id.* at 137. This court held that North Carolina's legislature "expressly rejected that view." *Id.* at 138. We found that North Carolina law "places time spent on post-release supervision within, not outside of or in addition to, the maximum term of imprisonment." *Id.* Simply put, under *Barlow*, the period of post-release supervision is part of a term of imprisonment and not the equivalent of a suspended sentence.

### III.

Therefore, the district court properly enhanced Velasquez-Canales' offense level based on the sentence imposed for Velasquez-Canales' prior North Carolina convictions. Accordingly, we affirm the district court's judgment.

6

*AFFIRMED*