UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4211

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN DIAZ-RAMIREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00090-D-1)

Submitted:  October 22, 2021                          Decided:  November 17, 2021

Before WILKINSON and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Evan Rikhye, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Diaz-Ramirez appeals from his 24-month sentence imposed following his guilty plea to illegal reentry of an alien following removal, in violation of 8 U.S.C. § 1326(a). On appeal, Diaz-Ramirez asserts that the district court procedurally erred by adding a 10-level enhancement to his offense level when calculating his advisory Sentencing Guidelines range. We affirm.

Violators of 8 U.S.C. § 1326(a) are subject to a 10-level enhancement if, after their first deportation, they were convicted of a felony offense for which the sentence imposed was five years or more. U.S. Sentencing Guidelines Manual § 2L1.2(b)(3)(A) (2018). The enhancement is reduced to eight levels if the sentence previously imposed was two years or more. USSG § 2L1.2(b)(3)(B). In 2018, North Carolina convicted Diaz-Ramirez of trafficking in cocaine and possession with intent to manufacture, sell or deliver cocaine, and sentenced him to consecutive terms of 35 to 51 months and 6 to 17 months, respectively. The district court imposed a 10-level enhancement on the ground that the maximum total sentence resulting from these convictions was 68 months, i.e., more than five years.

Under North Carolina's structured sentencing regime, criminal sentences for almost all convicted felons include a period of either 9 or 12 months' post-incarceration supervision, depending on the class of felony. *United States v. Barlow*, 811 F.3d 133, 137 (4th Cir. 2015). At the district court level, Diaz-Ramirez argued that the period of post-incarceration supervision included in his sentence was identical to a suspended sentence and thus could not be used in computing the "sentence of imprisonment," as that

2

phrase is defined by the Sentencing Guidelines. The district court rejected this argument on the ground that it was foreclosed by *Barlow*, 811 F.3d at 138 (holding that North Carolina law "places time spent on post-release supervision within, not outside of or in addition to, the maximum term of imprisonment").

On appeal, Diaz-Ramirez abandons the argument he raised in the district court and posits a new justification for why the 10-level enhancement was erroneous. Specifically, Diaz-Ramirez now claims that the district court overlooked N.C. Gen. Stat. § 15A-1368(a)(5), which provides:

> When a prisoner is serving consecutive prison terms, the maximum imposed term, for purposes of [Article 84a, "Post-Release Supervision"], is the sum of all maximum terms imposed in the court judgment or judgments, less 12 months for each of the second and subsequent sentences imposed for Class B through Class E felonies, . . . and less nine months for each of the second and subsequent sentences imposed for Class F through Class I felonies.

According to Diaz-Ramirez, because he is serving consecutive terms, N.C. Gen. Stat. § 15A-1368(a)(5) dictates that either 9 or 12 months should have been subtracted from the 68-month total when determining the length of his maximum term of imprisonment for Sentencing Guidelines purposes.

As a threshold matter, we must determine the proper standard of review for Diaz-Ramirez's claim. In deciding a challenge to the district court's Sentencing Guidelines calculation, we generally review factual findings for clear error and legal conclusions de novo. *United States v. Velasquez-Canales*, 987 F.3d 367, 370 (4th Cir. 2021), *cert. denied*, No. 21-5122, 2021 WL 4508783 (U.S. Oct. 4, 2021). However, "when a party does not

3

preserve an argument in the district court, we review only for plain error." *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010).

The Government contends that we should review Diaz-Ramirez's claim for plain error because he raises it for the first time on appeal. We agree. "The entire purpose of an objection is to alert the district court to the actual basis of the asserted error" to enable the court "to correct possible error in short order and without the need for an appeal." *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012). Accordingly, to preserve an issue for appeal, the appealing party must "alert the district court to the specific reason" for the objection. *Id.* "[V]ariations on arguments made below may be pursued" on appeal only if "the appealing party asked both courts to evaluate the same fundamental question." *United States v. Boyd*, 5 F.4th 550, 556 (4th Cir. 2021) (internal quotation marks omitted).

Here, although Diaz-Ramirez challenged the same 10-level enhancement below, he has not asked both courts to evaluate the same fundamental question. Diaz-Ramirez's argument to the district court was limited to whether the period of post-release supervision included in his North Carolina convictions fell under the Sentencing Guidelines' definition of "sentence of imprisonment." Diaz-Ramirez did not ask the district court to consider N.C. Gen. Stat. § 15A-1368(a)(5) or the way in which North Carolina defines "maximum term of imprisonment" in the context of consecutive sentences. Accordingly, we review Diaz-Ramirez's claim for plain error.

To establish plain error, a defendant must show (1) error, (2) that is clear or obvious, and (3) affected his substantial rights. *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020). "An error affects a defendant's substantial rights if the error affected the outcome

4

of the district court proceedings." *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (internal quotation marks omitted). "To satisfy this requirement in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred." *Id.* at 184-85 (internal quotation marks omitted). If the defendant makes this showing, we may correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Fowler*, 948 F.3d at 669 (brackets and internal quotation marks omitted).

We need not determine whether the first two plain error requirements are satisfied because, even if the district court plainly erred, Diaz-Ramirez has not established that the error affected his substantial rights. At the sentencing hearing, the district court stated that it would have imposed the same 24-month sentence even if it had miscalculated the advisory Sentencing Guidelines range. "Under our precedents, this expression of the sentencing court's views suffices to establish that the court would have imposed the same sentence even had it resolved the challenged Guidelines calculation in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 331 (4th Cir. 2019). Moreover, the 24-month sentence would have remained within the advisory Sentencing Guidelines range—and remained substantively reasonable—even if the 8-level enhancement had been applied rather than the 10-level enhancement. *See id.* at 330 (recognizing that Guidelines error is harmless if (1) district court would have reached same result either way and (2) sentence would be reasonable even if Guidelines issue was decided in defendant's favor). Accordingly, Diaz-Ramirez has not shown that he would have received a lower sentence had the alleged error not occurred. *See Hargrove*, 625 F.3d at 184-85.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*