**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4710**

_____

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

> v.

DAVID TATUM,

> Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Kenneth D. Bell, District Judge. (3:22-cr-00157-KDB-DCK-1)

_____

Submitted: March 6, 2025                    Decided: September 12, 2025

_____

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Rushing wrote the opinion, in which Judge Thacker and Judge Quattlebaum joined.

_____

**ON BRIEF:** Steven H. Levin, Washington, D.C., Evan M. Goldstick, STEPTOE LLP, Chicago, Illinois, for Appellant. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

Defendant David Tatum was a psychiatrist who treated children. In 2023, a jury found him guilty of possessing, producing, and transporting child pornography in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(1), and 2252A(a)(5)(B). The district court sentenced him to 40 years in prison. On appeal, Tatum objects to one jury instruction and to the sentence the court imposed. Finding no reversible error, we affirm.

I.

We address the jury instruction first. Every count of conviction required the jury to consider whether the pictures and videos at issue depicted "sexually explicit conduct," which includes, among other things, "actual or simulated . . . lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v); *see id.* § 2256(8) (defining "child pornography"). The district court instructed the jury about the meaning of "lascivious exhibition" in accordance with the parties' jointly proposed jury instructions.

During deliberations, the jury asked a question about lascivious exhibition with respect to the production count. Specifically, the jury asked whether it could consider Tatum's "point of view and his motivation" for recording the video or whether it instead should "view the video in a vacuum." J.A. 459. Consistent with its prior instruction about this element, the district court responded to the jury as follows:

> It is for the jury to determine whether an image or video is lascivious as the Court has defined it for you. In considering this question, the jury may consider all of the evidence and draw reasonable inferences from the evidence. Among the circumstances the jury may consider are the selection and positioning of the subject; whether the video contains extensive nudity, including video of her breasts and genitals; and the entirety of the context in which the video was made, including the defendant's motivation and intent.

2

J.A. 473. Tatum objected to that instruction and now appeals, arguing that the district court erred in authorizing the jury to consider his subjective intent when deciding whether the video he produced depicted lascivious exhibition.

We review de novo whether a jury instruction correctly stated the law. *United States v. McCauley*, 983 F.3d 690, 694 (4th Cir. 2020). In doing so, we consider the instruction "in light of the whole record, to determine whether it adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (internal quotation marks omitted).

Tatum's arguments about the meaning of "lascivious exhibition" have been squarely foreclosed by this Court's recent decision in *United States v. Sanders*, 107 F.4th 234 (4th Cir. 2024). In *Sanders*, the Court held that juries analyzing whether a visual depiction amounts to a lascivious exhibition can consider, among other factors, whether the defendant made the depiction with intent to elicit a sexual response. *See id.* at 262. And the instruction here "contained adequate safeguards" to constrain the jury's consideration of this factor in accord with our precedent. *United States v. Deritis*, 137 F.4th 209, 220 (4th Cir. 2025). The district court instructed the jury to "determine whether the visual depiction is lascivious based on its overall content" in view of "all of the evidence" and explained that no factor among the many it listed was dispositive. J.A. 443, 473. Read together, these instructions accurately stated the law. Thus, the district court committed no error in its "lascivious exhibition" instruction.

II.

We turn next to Tatum's sentence. In calculating Tatum's Sentencing Guidelines range, the district court increased his offense level because Tatum engaged in a pattern of activity and possessed material that portrayed sadistic conduct. Tatum's resulting total offense level was 43, which carried an advisory sentence of 60 years' imprisonment. The district court sentenced Tatum to 40 years' imprisonment, 20 years below the advisory Guidelines sentence. The court emphasized that, even if it had calculated the Guidelines incorrectly, 40 years was "what it consider[ed] the appropriate 3553(a) sentence," "[w]hether that is a downward variance from some other guidelines, within some other guidelines, or an upward variance of some other guidelines." J.A. 628; *see* 18 U.S.C. § 3553(a).

On appeal, Tatum contests the enhancements that increased his offense level and the substantive reasonableness of his sentence. "In reviewing the district court's calculations under the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Velasquez-Canales*, 987 F.3d 367, 370 (4th Cir. 2021) (internal quotation marks omitted). But we will not vacate a sentence "based on an asserted guidelines calculation error if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). We review the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Beginning with the pattern enhancements, the district court applied two separate five-offense-level increases because Tatum "engaged in a pattern of activity involving the

4

sexual abuse or exploitation of a minor," U.S.S.G. § 2G2.2(b)(5) (2023), and "engaged in a pattern of activity involving prohibited sexual conduct," *id.* § 4B1.5(b).  Producing or attempting to produce "child pornography" is "sexual abuse or exploitation" and "prohibited sexual conduct" under those enhancements.  *See id.* §§ 2G2.2 cmt. 1, 4B1.5 cmt. 4(A); *see also* 18 U.S.C. § 2251(a).  A pattern of activity is two or more separate instances or occasions.  U.S.S.G. §§ 2G2.2 cmt. 1, 4B1.5 cmt. 4(B)(i).  The district court found by a preponderance of the evidence that Tatum made multiple recordings that demonstrated a pattern of activity: two "up-skirt" videos Tatum made of a patient he believed was still a minor and secret recordings Tatum made of minor female relatives showering, including the video underlying the production count in this case.

Tatum disputes the district court's findings.  Regarding the video underlying the production count, his argument mirrors the jury instruction argument we have already rejected.  With respect to the patient videos, Tatum highlights conflicting evidence in the record about whether he knew the patient had recently turned 18.  As for the other shower recordings, Tatum argues they are less recent, were not produced at trial, and were the subject of limited testimony.  Having considered Tatum's arguments and reviewed the record, we are satisfied the district court did not clearly err.  Sufficient evidence supports the district court's factual findings, and even if some evidence could support a contrary finding, the district court's choice between two permissible views of the evidence "cannot be clearly erroneous." *United States v. Johnson*, 734 F.3d 270, 274 (4th Cir. 2013) (internal quotation marks omitted).  The district court's factual findings support its decision to apply both pattern enhancements.

5

The district court also increased Tatum's offense level by four points because he possessed "material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler." U.S.S.G. § 2G2.2(b)(4). The relevant material was thousands of anime images and videos depicting violent sexual abuse of young girls. Tatum admits he possessed the material but argues that anime—which is a type of animation—cannot qualify for this enhancement.

We need not resolve this question because, even if the district court erred by applying this offense-level increase, any error was harmless. *See McDonald*, 850 F.3d at 643 (explaining the "assumed error harmlessness inquiry"). The district court made explicit both in the judgment and on the record at sentencing that it "would have reached the same result even if it had decided the guidelines issue the other way." *Id.* (internal quotation marks omitted); *see*, *e.g.*, J.A. 628 ("[W]hatever the guidelines are, . . . this Court's sentence of 40 years is what it considers the appropriate 3553(a) sentence."). And, as we discuss next, a 40-year sentence "would be reasonable even if the guidelines issue had been decided in [Tatum's] favor," because it would still fall within his advisory Guidelines range. *McDonald*, 850 F.3d at 643 (internal quotation marks omitted).

A sentence "within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Tatum's sentence was below the Guidelines range the district court calculated and, even assuming the court erred by applying the sadistic material enhancement, his sentence would remain within the properly calculated Guidelines range. A presumption of reasonableness therefore applies, and "we must affirm unless [Tatum] 'raises any arguments that would

6

rebut the presumption.'" *United States v. Perry*, 92 F.4th 500, 518 (4th Cir. 2024) (quoting *United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012)).

Tatum raises only one argument: that the district court should have rejected the Guidelines on policy grounds because of the allegedly "draconian way in which the [G]uidelines operate in the child pornography context." Opening Br. 32. Here again we find it relevant that the district court determined 40 years was "the appropriate sentence under 3553(a)" regardless of the applicable Guidelines range. J.A. 628. Thus, even if the district court had declined to follow the Guidelines on policy grounds, Tatum would have received the same sentence. And that sentence is presumptively reasonable. Because Tatum identifies no other reason his sentence is allegedly greater than necessary to achieve the purposes of sentencing, *see* 18 U.S.C. § 3553(a), we see no abuse of discretion.

## III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

7